MDL 1760

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

PLEADING NO. 10

| IN RE: BISPHOSPHONATE DRUGS PRODUCTS LIABILITY LITIGATION, | ) | MDL Docket No. 1760 |
|---|---|---|

**PROCTER & GAMBLE PHARMACEUTICALS, INC.'S AND SANOFI-AVENTIS U.S. LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO TRANSFER ACTIONS TO MULTIDISTRICT LITIGATION**

## I. INTRODUCTION

On January 19, 2006, plaintiff Margaret Cartelli ("plaintiff") filed a Motion for Multidistrict Transfer ("motion") pursuant to 28 U.S.C. § 1407 to consolidate all pending federal court actions that somehow involve the prescription medications Aredia, Zometa, Fosamax and Actonel. Defendants Procter & Gamble Pharmaceuticals, Inc. ("P&G") and sanofi-aventis U.S. LLC ("sanofi-aventis") oppose plaintiff's motion because it attempts to create a consolidated and

OFFICIAL FILE COPY



IMAGED FEB 17 2006

centralized litigation out of cases that are vastly different.[1] The cases at issue do not share common defendants in most of the actions, involve medications distinct in their use, formulation and ingredients and only involve one plaintiff that has filed a case against P&G and sanofi-aventis. Thus, P&G and sanofi-aventis urge the Panel to deny plaintiff's unprecedented motion to centralize such dissimilar cases.

## II. BACKGROUND

Plaintiff's motion seeks the consolidation for pretrial purposes of all pending federal court products liability cases involving the prescription medications Aredia, Zometa, Fosamax and Actonel. These four medications, which can be described collectively as bisphosphonates, are manufactured by separate manufacturer-defendants. Novartis Pharmaceuticals Corporation ("Novartis") manufactures both Aredia and Zometa, and these medications were approved for oncology indications in 1991 and 2001, respectively. Merck & Co., Inc. ("Merck") manufactures Fosamax, which was approved for osteoporosis and related indications in 1995. Actonel is manufactured by an alliance between P&G and sanofi-aventis, and it was approved for osteoporosis indications in 1998.

Plaintiff's motion cannot be granted unless plaintiff shows that the requirements of 28 U.S.C. § 1407(a) have been satisfied. The statute reads, in relevant part:

> "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

[1] Defendants P&G and sanofi-aventis were not included on the original service list for Plaintiff's Motion. Therefore, P&G and sanofi-aventis did not obtain a copy of the motion and related documents until well after January 11. However, both defendants are responding to Plaintiff's Motion in order to protect their interests.

28 U.S.C. § 1407(a). The party seeking consolidation bears the burden of making the requisite showing under the statute, and there are no burdens on parties opposing consolidation. *See In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2nd Cir. 1993).

However, plaintiff will not be able to satisfy the requirements of section 1407. In the 35 federal cases currently pending, the individual questions of fact outweigh any common factual questions among the cases. Each individual case involves a multitude of individual factual issues pertaining to the different plaintiffs and different defendants involved, different medications with different approved indications, different levels of active ingredients, different dosage forms and regimens, and significant individual issues relating to each plaintiff's medical condition and history. In addition, MDL consolidation will not result in convenience for all parties and will not promote the just and efficient conduct of the cases. This is particularly true with regard to P&G and sanofi-aventis, against whom there is only a single case pending. In fact, consolidation under section 1407 will reward the efforts of plaintiffs who have made a deliberate attempt to orchestrate the necessity for and location of an MDL. Plaintiff's motion should be denied as plaintiff has not carried its burden of proving that the relevant factors support consolidation.

## III. ARGUMENT

### A. Plaintiff Has Failed to Meet the Requirements of § 1407

Under the Panel's mandate, as embodied in 28 U.S.C. § 1407, the consolidation of pending federal court cases for pretrial proceedings is appropriate only where those cases raise predominantly common questions of fact. Even in those situations where, unlike here, common questions of fact do predominate over the individual questions of fact in those cases, consolidation is only appropriate where it will be convenient for the parties and witnesses and will promote the just and efficient conduct of those cases. In the bisphosphonate cases filed to

date, not only do individual questions of fact predominate, but the transfer of the cases would not provide convenience for the litigants or efficient handling of the cases.

**1. There Are Few Common Fact Questions, And They Do Not Predominate Over The Individual Fact Questions In Each Case.**

The existence of common questions of fact among civil actions pending in different districts is the "initial criteria" which must be satisfied before any such actions may be transferred under section 1407. *In re Photocopy Paper*, 305 F.Supp. 60, 61 (J.P.M.L. 1969); *In re Air Crash Disaster at Greater Cincinnati Airport*, 298 F.Supp. 353 (J.P.M.L. 1968). However, the mere existence of one or more common questions of fact is not sufficient to authorize transfer under section 1407. Instead, the Panel has held that the common questions of fact must actually predominate over the individual questions of fact present in each action. *See In re Rely Tampon Prod. Liab. Litig.*, 533 F.Supp. 1346, 1347 (J.P.M.L. 1982) (consolidation denied where common fact questions would not predominate over the individual fact questions in each action); *In re Eli Lilly & Co. Oraflex Prod. Liab. Litig.*, 578 F.Supp. 422, 423 (J.P.M.L. 1984) (same); *In re Westinghouse Elec. Corp. Employment Discrimination Litig.*, 438 F.Supp. 937, 938 (J.P.M.L. 1977) (same); *In re Citric Acid, Corn Sweeteners and Lysine Antitrust Litig.*, 910 F.Supp. 696, 701 (J.P.M.L. 1995) (consolidation of cases from 3 separate MDLs denied because differences in factual commonalities outweighed similarities). The party seeking transfer is "under a heavy burden" not only to show a predominance of common factual issues, but also that the common questions are sufficiently complex and that the accompanying discovery will be so time-consuming that transfer is necessary. *See In re 21st Century Productions, Inc. "Thrilsphere" Contract Litig.*, 448 F.Supp. 271, 272-73 (J.P.M.L. 1978). The burden of making that showing is on the party moving for consolidation; there are no burdens on parties opposing consolidation. *See In re Repetitive Stress Injury Litig.*, 11 F.3d at 373.

In an effort to establish common questions of fact among the actions, plaintiff asserts that these cases all involve allegations that the plaintiff developed osteonecrosis of the jaw after being prescribed one or more of the bisphosphonate drugs. *See* Plaintiff's Motion at 6. They suggest as common questions of fact the defendants' development, testing and marketing of the drugs, defendants' knowledge of the adverse reactions to the drugs, the performance and characteristics of the active bisphosphonate component, and causation of the side effects. *Id.*

However, with these blanket assertions, plaintiff ignores the widely differing nature of the various actions she is trying to aggregate. Unlike the typical multidistrict litigation involving a mass tort or a single defendant, plaintiff here seeks consolidation of cases whose only common thread is that they involve medications containing a bisphosphonate. The reality is that these cases are markedly different, with each involving, for example, different plaintiffs; different defendants; different medications with different approved indications, different levels of active ingredients and different dosage forms and regimens; different advertising, marketing and packaging; and significant individual issues relating to the medical condition and prior health history of each individual plaintiff. The individualized nature of each case outweighs any common fact issues shared among all the cases, and thus the common fact issues cannot predominate to the extent that transfer under section 1407 is appropriate. *See, e.g., In re Citric Acid*, 910 F.Supp. at 701 (differences among the actions outweighed the similarities).

First, the four bisphosphonates at issue in these cases span two very different approved indications. Novartis' two medications, Aredia and Zometa, are approved for certain cancer-related conditions, while Fosamax and Actonel are indicated for the treatment and prevention of osteoporosis. These different indications underscore the paucity of common factual issues among the presently pending actions. Plaintiff's motion for consolidation fails to develop the

inherent factual differences that accompany these different indications. First of all, the different indications result in the medications being prescribed for two very divergent populations – cancer patients and osteoporosis sufferers. Each of these populations brings with it its own unique health concerns, and each person within each subgroup presents with his or her own unique medical history which includes those conditions. The important differences between these populations is borne out in the medical literature where the overwhelming majority of case reports regarding bisphosphonates involve prescriptions for cancer-related indications, not osteoporosis-related indications. Second, each indication requires a completely different approach with regard to the distribution, labeling, advertising and marketing of the medications. For example, the intravenously administered bisphosphonates manufactured by Novartis for cancer patients are not available in pharmacies and can only be prescribed and administered by oncologists in cancer treatment centers. Where the cases sought to be consolidated "...involve different products, with different uses, produced for the most part by different manufacturers, and sold by them to different alleged classes of purchasers...," the differences among the cases appear to outweigh the similarities. *See In re Citric Acid*, 910 F.Supp. at 701 (J.P.M.L. 1995). In this situation, any common fact questions among the cases do not predominate over the individual fact questions.

In addition, the four bisphosphonate medications at issue in these cases are far from identical formulations. To the contrary, these medications vary greatly in their composition with regard to the type and amount of active ingredients, the form of administration and the available dosing regimens. First of all, each medication contains its own unique bisphosphonate compound as the active ingredient – Aredia contains pamidronate disodium, Zometa contains zoledronic acid, Fosamax contains alendronate sodium and Actonel contains risedronate sodium.

Second, the dosage forms of these medications differ as well. Novartis' Aredia and Zometa medications are administered intravenously, while Fosamax and Actonel are taken as an oral tablet. This means the medications rely on different mechanisms of action and differ with regard to the bioavailability of the active bisphosphonate ingredient as well.

Significantly, the amounts of active ingredient in each medication are widely divergent, as are the dosing regimens for each medication. For example, Actonel tablets can be prescribed with either 5 or 30 milligrams of risedronate sodium per tablet. The dosing regimen for Actonel suggests 5 milligrams per day or 35 milligrams per week for both prevention and treatment of osteoporosis. For the treatment of Paget's Disease, however, the dosing of Actonel increases to 30 milligrams daily. Fosamax, on the other hand, is prescribed in 5 strengths. Each tablet may contain the equivalent of 5, 10, 35, 40 or 70 milligrams of alendronate sodium. For the prevention of osteoporosis, the daily dosing regimen of Fosamax is 5 milligrams daily or 35 milligrams once weekly, similar to Actonel. But, for the treatment of osteoporosis, the daily dosing regimen for Fosamax increases to 10 milligrams daily or 70 milligrams once weekly. For the treatment of Paget's Disease, the dosing of Fosamax increases yet again to 40 milligrams daily for 6 months. Thus, even among the two bisphosphonates that are administered orally for osteoporosis indications, there are wide ranges in the amounts of active ingredient delivered and the dosing regimens involved.

The wide divergence in dosing and amount of active ingredient is true of the two bisphosphonates that are administered intravenously for cancer-related conditions as well. For example, Aredia is administered as either a 60 or 90 milligram single intravenous dose delivered over time periods ranging from 2 hours to 24 hours. Zometa, on the other hand, is administered as a 4 milligram single intravenous dose delivered over a time period of only 15 minutes. It

becomes apparent that the numerous distinctions in the composition and dosing of the various bisphosphonate medications will pose different questions regarding any alleged causation in each case. *See, e.g., In re Luminex International, Inc. Prod. Liab. Litig.*, 434 F.Supp. 668, 669-70 (noting "significant factual questions" about the product at issue in each individual case). Where different claims, different medications, different time periods and different transmission modes are at issue, individual, not common, questions of fact rise to the forefront. *In re Blood and Blood Products Hepatitis C Virus Prod. Liab. Litig.*, 2000 U.S. Dist. LEXIS 11149 at *3 (J.P.M.L. 2000). As a result, the common fact questions cannot predominate over the numerous individual fact questions.

Over all, the purported common questions of fact cited by plaintiff in her motion are, at their core, not all that common. All of these questions necessarily depend heavily on individual case-specific determinations involving the particular medication, the particular indication and the particular plaintiff. Contrary to plaintiff's assertions, the defendants' development, testing and marketing of the drugs, as well as their knowledge of adverse reactions, can vary greatly depending upon the type and amount of active ingredient, the dosage form, the dosing regimen and the indicated use at issue in a particular case. Likewise, the performance and characteristics of the active bisphosphonate component and the causation of side effects are not common fact questions as plaintiff suggests. Instead, they too depend on the type and amount of active ingredient, the dosage form, the dosing regimen, and the indicated use in that particular case. These issues are also greatly influenced by the individual plaintiff's own unique medical history and array of individual health issues.

This highly individualized mixture of cases does not achieve the level of commonality necessary to allow consolidation. As the Second Circuit has noted, "The systemic urge to

aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's – and defendant's – cause not be lost in the shadow of a towering mass litigation." *Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 853 (2nd Cir. 1992); *see also In re Repetitive Stress Injury Litig.*, 11 F.3d at 373. The push for consolidation without a sufficient showing of commonality seeks to obscure the individualized attention to these cases that justice requires. There is, in fact, only one common aspect of these cases – each plaintiff's alleged exposure to a bisphosphonate medication. All other factual questions are different and thus common factual issues do not predominate over the individual ones.

**2. Transfer is Inappropriate Because It Will Neither Maximize Convenience Nor Promote Just and Efficient Conduct of the Litigation**

Under the relevant federal statute, multidistrict consolidation is only appropriate when transfer would "be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407; see also *In re G.D. Searle*, 483 F.Supp. at 1344. Transferring all 35 cases listed on the Revised Schedule of Federal Court Actions for Transfer ("Revised Schedule") to either the Eastern or Southern District of New York would not be convenient for all parties. First, although three of the defendants have their principal place of business in the New York vicinity and three counsel for plaintiffs are located in New York City, other counsel, both for plaintiffs and defendants, are scattered throughout the country in states such as California, Florida, Mississippi, Oklahoma, Tennessee, and Texas. Second, of the 66 plaintiffs included in the 35 actions listed on the Revised Schedule, only six of these named plaintiffs reside in the New York area. Furthermore, two of these plaintiffs actually reside outside the United States. Centralization of these actions in New York would only be convenient for one out of seven plaintiffs' law firms and six out of 66 plaintiffs.

Moreover, in order for a transfer to be considered convenient, just, and efficient, the benefits of that transfer must outweigh the "inherent disadvantages." See *In re G.D. Searle*, 483 F.Supp. 1343, 1345 (J.P.M.L. 1980). The benefits of centralization typically include avoiding duplication of discovery, preventing inconsistent rulings and conserving financial resources. *See e.g., In re Baycol*, 180 F.Supp.2d at 1380. If the actions listed on the Revised Schedule were consolidated, P&G and sanofi-aventis would not be able to take advantage of these benefits for a number of reasons.

First, P&G and sanofi-aventis are currently only involved in one case, *Lena Simmons v. Procter & Gamble Pharmaceuticals, Inc. and Aventis Pharmaceuticals, Inc.* ("*Simmons*") pending in the Southern District of New York. The other actions listed on the Revised Schedule involve other defendants as well as other drugs. Pretrial procedures as well as documents and evidence relevant to those defendants' knowledge and notice will not be relevant to P&G or sanofi-aventis. Any discovery requests in the one case filed against P&G and sanofi-aventis would involve only those two defendants and would not be duplicative of any other requests relating to any other defendants or any other drugs. Second, it also follows that since *Simmons* is the only case filed against P&G and sanofi-aventis, there will be only one judge issuing orders and rulings. Thus, there is no possibility of inconsistent rulings in the single case filed against these two defendants.

Finally, centralization would result in increased costs for P&G, sanofi-aventis and Ms. Simmons, and in unnecessary delay of the progress of this single case. If *Simmons* were to be transferred to one court, along with the 34 other actions involving other defendants and other drugs, P&G and sanofi-aventis could be required to participate in an overly voluminous, expensive, complex and possibly irrelevant discovery process that they would not be subjected to

absent MDL status. The Panel, in at least one instance, denied transfer where parties would be forced to be involved in discovery matters that are of no interest to them. *See In re Gasoline Lessee Dealers Antitrust Litig.*, 479 F.Supp. 578, 580 (J.P.M.L. 1979). Any potential benefits of consolidation would be outweighed by inconvenience, inefficiency and possibly prejudice that would result from an extensive discovery process, unnecessary delay due to the involvement of additional plaintiffs and defendants, and increased cost of participation in an MDL.

Additionally, consolidation under §1407 should not be available to parties that attempt to abuse the system. A careful review of the timing of each filing reveals that plaintiff's counsel filed their motion to transfer with the Panel prior to filing the actual actions to be transferred in two New York courts, courts that are very convenient for plaintiff's counsel. On January 11, 2006, Russel H. Beatie filed Plaintiff's Motion to Transfer, Memorandum of Law in Support of Motion for Multidistrict Transfer and his Affidavit in Support of the Motion to Transfer with the Judicial Panel. Mr. Beatie, along with his law firm Beatie and Osborn, The Powell Law Firm and the Law Offices of Jeffrey Bogert, then filed 31 of the 35 cases included on the Revised Schedule in either the Eastern or Southern Districts of New York. It is interesting that plaintiff's counsel filed 24 of these actions on or after January 13, 2006, or at least two days after the motion to transfer was filed with the Panel. Even more interesting is the fact that, of the 31 plaintiffs in these actions, only two reside in the New York area.[2] *See also* Exhibit A, a chart listing the cases on the Revised Schedule including dates filed, plaintiffs' residence and plaintiffs' counsel. In summary, it appears that plaintiff's counsel purposely filed their motion to transfer prior to filing their actual cases in a deliberate attempt to orchestrate the necessity for and location of an MDL.

[2] In their motion to transfer, Plaintiffs indicated that four other Plaintiffs reside in the New York area. These four other Plaintiffs are actually Plaintiffs in the four class action cases that have been filed in Tennessee.

**B. The Federal Bisphosphonate Cases Currently Pending are Neither Sufficiently Numerous Nor Complex to Justify Centralization**

Many groups of product liability cases that are transferred to multidistrict proceedings involve large numbers of actions. *See e.g., In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352 (J.P.M.L. 2005) (involving 148 actions pending at the time the motion to transfer was filed, with approximately 150 tag along actions at the time of decision); *In re Silicone Gel Breast Implants Prod. Liab. Litig.*, 793 F.Supp. 1098 (J.P.M.L. 1992) (involving 78 actions pending plus 200 tag-along actions at the time of decision, with acknowledgement of thousands more pending). In fact, the Panel has held that consolidation is more appropriate when hundreds or even thousands of cases are pending. *Compare In re Asbestos and Asbestos Insulation Material Prods. Liab. Litig.*, 431 F.Supp. 906 (J.P.M.L. 1977) (refusing to transfer 103 cases) to *In re Asbestos Prod. Liab. Litig.*, 771 F.Supp. 415 (J.P.M.L. 1991) (noting that the difference between 103 cases in 1977 and more than 30,000 pending actions in 1991 justifies transfer).

Under the governing statute, the criteria for transfer must be met by the cases that "are pending" in federal district courts. *See* 28 U.S.C. § 1407. The Panel has routinely denied transfer when only a small number of cases are candidates for transfer. *See e.g., In re DaimlerChrysler Corp. Seat Belt Buckle Prods. Liab. Litig.*, 217 F.Supp.2d 1376 (J.P.M.L. 2002); *In re Fotomat Franchise Lit.*, 394 F.Supp. 798 (J.P.M.L. 1975); *In re Professional Basketball Antitrust Lit.*, 344 F.Supp. 1405 (J.P.M.L. 1972). P&G and sanofi-aventis are aware of only 35 actions involving bisphosphonate drugs currently pending in federal district courts.[3] Significantly, only one of these 35 cases has been filed against P&G and sanofi-aventis. Furthermore, plaintiff has not provided any evidence that more actions will be filed. Multidistrict treatment is not suitable for such a small number of cases.

[3] P&G and sanofi-aventis became aware of these 35 actions after reviewing the Revised Schedule to Plaintiff's Motion to Transfer.

Even if the Panel decides multidistrict centralization is appropriate for this number and type of cases, the *Simmons* case that has been filed against P&G and sanofi-aventis should not be included in this MDL. As discussed above, P&G and sanofi-aventis marketed and manufactured a product (Actonel) that is very different from the products at issue in the rest of the cases included on the Revised Schedule (Aredia, Zometa and Fosamax). Inclusion of the *Simmons* case in multidistrict litigation along with the other 34 cases that are listed on the Revised Schedule, which involve different defendants and drugs, would cause unnecessary prejudice and inconvenience to P&G and sanofi-aventis.

Transfer to multidistrict litigation is also not appropriate when the issues are not complex enough to justify transfer. *In re Chiropractic Antitrust Litig.*, 483 F.Supp. 811, 813 (J.P.M.L. 1980); *In re Luminex Int'l, Inc. Prod. Liab. Litig.*, 434 F.Supp. 668, 669 (J.P.M.L. 1977). Individual product liability cases are "relatively simple to litigate" if they remain "narrowly focused" on the facts of the individual cases. *In re American Medical Systems, Inc.; Pfizer, Inc.*, 75 F.3d 1069, 1085 (6th Cir.1996). A majority of the actions filed to date allege straightforward causes of action including strict liability, negligence and breach of warranty. Plaintiff has not provided any evidence that there is anything particularly complex about the issues in any of the pending cases that would justify the expense and inconvenience of transferring the pending actions.

In the motion to transfer, plaintiff argued that the Panel has routinely ordered section 1407 transfer in multidistrict product liability actions involving drug products. *See* Plaintiff's Motion at page 5. However, several of the consolidated actions cited by plaintiff are very different from the cases pending here. A number of these actions involve only one drug and/or only one defendant. *See e.g. In re Bextra and Celebrex Prods. Liab. Litig.*, 391 F.Supp.2d 1352

(J.P.M.L. 2005) (involving two drugs and only one manufacturer defendant); *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352 (J.P.M.L. 2005) (involving only one drug); *In re Paxil Prods. Liab. Litig.*, 296 F.Supp.2d 1374 (J.P.M.L. 2003) (involving one drug and one manufacturer corporation); *In re Meridia Prods. Liab. Litig.*, 217 F.Supp.2d 1377 (J.P.M.L. 2002) (involving only one drug); and *In re Baycol Prods. Liab. Litig.*, 180 F.Supp.2d 1378 (J.P.M.L. 2001) (involving only one drug). The cases included on the Revised Schedule involve four very different drugs and three different defendants. As discussed above, these differences between the products and the defendants do not support centralization.

Finally, the Panel has held that MDL consolidation of less complex cases is not necessary where less burdensome alternatives to consolidation exist. *See e.g., In re Orthoalliance, Inc., Contract Litig.*, 350 F.Supp.2d 1354 (J.P.M.L. 2004); *In re Chromated Copper Arsenate (CCA) Treated Wood Prods. Liab. Litig.*, 188 F.Supp.2d 1380, 1381 (J.P.M.L. 2002) (citing *In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation*, 446 F.Supp 242, 244 (J.P.M.L. 1978); *In re Unitrin, Inc. Ins. Sales Practices Litig.*, 152 F.Supp.2d 1371, 1372 (J.P.M.L. 2002); *In re G.D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig.*, 483 F.Supp. 1343, 1345 (J.P.M.L. 1980); *In re Chiropractic,* 483 F.Supp. at 813-814; *See also Manual for Complex Litigation, Fourth*, § 22.342 (2004). Alternatives to transfer include the following: district courts may order that discovery in each case would apply in the others; the parties could stipulate to coordinated discovery and pretrial approaches; different district courts could coordinate pretrial rulings to avoid duplicative activity; a court could stay a particular case pending action in other courts; or collateral estoppel could dispose of the issues. *In re Eli Lilly*, 446 F.Supp. at 244. Discovery and other issues can easily be coordinated without the inconvenience and expense of transfer all related cases to one district.

## IV. CONCLUSION

The plaintiff has not met her burden of showing that the 35 actions brought by different plaintiffs against different defendants alleging use of different drugs for different indications should be transferred to one court. The plaintiff has not proven that these cases involve common questions of fact that predominate over individual questions and that transfer would be convenient, just and efficient for all parties. For the reasons stated above, P&G and sanofi-aventis respectfully request that the Panel deny plaintiff's motion to transfer and consolidate.

FULBRIGHT & JAWORSKI L.L.P.

By: [signature]

Terry O. Tottenham
TX. State Bar No. 20147500
Lana K. Varney
TX. State Bar No. 20499500
600 Congress Avenue, Suite 2400
Austin, Texas 78701
Telephone: (512) 474-5201
Telecopier: (512) 536-4598

Jim Neale
State Bar No. JN6972
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Telecopier: (212) 318-3400

**ATTORNEYS FOR DEFENDANTS PROCTER & GAMBLE PHARMACEUTICALS, INC. AND SANOFI-AVENTIS U.S. LLC**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2006

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: BISPHOSPHONATE DRUGS PRODUCTS LIABILITY LITIGATION, ) MDL Docket No. 1760

**RULE 7.1 RESPONSE OF DEFENDANTS PROCTER & GAMBLE PHARMACEUTICALS, INC.'S AND SANOFI-AVENTIS U.S. LLC'S TO PLAINTIFF'S AVERMENTS OF FACT**

Pursuant to Rule 7.1 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, defendants Procter & Gamble Pharmaceuticals, Inc. ("P&G") and sanofi-aventis U.S. LLC, successor in interest to Aventis Pharmaceuticals, Inc., ("sanofi-aventis")[1] hereby answer and oppose Plaintiff Margaret Cartelli's Averments of Fact (the "Averments") as follows:

RECEIVED
CLERK'S OFFICE
2006 FEB 16 P 3:35
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

[1] Defendant sanofi-aventis states that sanofi-aventis U.S. LLC, as the successor in interest to Aventis Pharmaceuticals, Inc, will respond with regard to any averments referring to Aventis Pharmaceuticals, Inc.

1. Defendants P&G and sanofi-aventis deny the averments of this paragraph, except to admit, based on information and belief, that there may be 29 actions validly pending in four federal district courts.

2. Defendants P&G and sanofi-aventis admit, based on information and belief, that the defendants in these actions are Novartis Pharmaceuticals Corporation ("Novartis"), Merck & Co., Inc ("Merck"), P&G and sanofi-aventis and that the majority of these cases name Novartis as a defendant. Defendants P&G and sanofi-aventis further admit that they are named in only one currently pending federal district court action styled as *Lena Simmons v. Procter & Gamble Pharmaceuticals, Inc. and Aventis Pharmaceuticals, Inc.*; Case No. 06CV0454 (S.D.N.Y) (Keenan, J.).

3. Defendants P&G and sanofi-aventis admit that Actonel is in a class of prescription medications called bisphosphonates. Defendants P&G and sanofi-aventis further admit, based on information and belief, that Aredia, Zometa, and Fosamax are also in a class of prescription medications called bisphosphonates.

4. Defendants P&G and sanofi-aventis deny knowledge or information sufficient to form a belief regarding the allegations in Paragraph 4 of the Averments. To the extent a response is required, Defendants P&G and sanofi-aventis believe that Aredia and Zometa are manufactured by Novartis and are used in the treatment of cancer.

5. Defendants P&G and sanofi-aventis admit that Actonel is manufactured and marketed by P&G and sanofi-aventis and is approved by FDA for treatment of osteoporosis. Defendants P&G and sanofi-aventis further admit, based on information and belief, that Fosamax is manufactured by Merck and is approved by FDA for treatment of osteoporosis.

6. Defendants P&G and sanofi-aventis admit, based on information and belief, that six plaintiffs reside in the vicinity of New York City. Defendants P&G and sanofi-aventis further admit, based on information and belief, that other plaintiffs reside throughout the United States, with the exception of two plaintiffs who live in Israel and Denmark.

7. Defendant P&G admits its principal place of business is in Ohio. Defendant sanofi-aventis admits its principal place of business is in New Jersey. Defendants P&G and sanofi-aventis are without information regarding Novartis and Merck's principal place of business.

8. Defendants P&G and sanofi-aventis deny the averments stated in Paragraph 8 of the Averments.

FULBRIGHT & JAWORSKI L.L.P.

By: ______________________
Terry O. Tottenham
TX. State Bar No. 20147500
Lana K. Varney
TX. State Bar No. 20499500
600 Congress Avenue, Suite 2400
Austin, Texas 78701
Telephone: (512) 474-5201
Telecopier: (512) 536-4598

Jim Neale
State Bar No. JN6972
666 Fifth Avenue
New York, NY 10103-3198
Telephone: (212) 318-3000
Telecopier: (212) 318-3400

**ATTORNEYS FOR DEFENDANTS PROCTER & GAMBLE PHARMACEUTICALS, INC. AND SANOFI-AVENTIS U.S. LLC**

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FEB 16 2006

FILED CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: BISPHOSPHONATE DRUGS PRODUCTS LIABILITY LITIGATION, ) ) )

MDL Docket No. 1760

2006 FEB 16 P 3:35
RECEIVED
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**PROOF OF SERVICE**

I hereby certify that true and correct copies of the following documents have been served via U.S. Mail on the following counsel on this the 16th day of February, 2006.

1. Defendants P&G and sanofi-aventis' Opposition to Plaintiff's Motion to Transfer;
2. Defendants P&G and sanofi-aventis' Responses to Plaintiff's Averments of Fact; and
3. Proof of Service.

Terry O. Tottenham

Russel H. Beatie
Daniel A. Osborn, Esq.
Phillip J. Miller, Esq.
Russel Harrison Beatie, Jr., Esq.
BEATIE AND OSBORN, L.L.P.
521 Fifth Avenue, 34th Floor
New York, NY 10175
Telephone: (212) 888-9000
Facsimile: (212) 888-9664

THE POWELL LAW FIRM , L.C.
269 South Beverly Drive
Suite 1156
Beverly Hills, CA 90212
Telephone: (888) 238-1998
Facsimile: (310) 388-1570

LAW OFFICES OF JEFFREY C. BOGERT
501 Colorado Boulevard
Suite 208
Santa Monica, CA 90401
Telephone: (310) 395-5025
Facsimile: (310) 395-5071
*Attorneys for Plaintiffs Margaret Cartelli, John Bartoli, Zena Biocca, Burdette Burt, Patsy Carter, Jack Cuthbert, Suzanne Dengel, Gary Fry, Shirley A. Grizzle, Elaine Guilbeau, Ramon Harrison, Margaret "Peggy" Harth, Michel Hendrix, Glenn Hiller, Linda Johnson, Victor Kalily, Mindy Knopf, Punnose K. Thomas, Nancy Radin, Helen E. Shrum, Lena Simmons, Gary Stevens, Charles Ulatowski, Linda Wallace, Jacqueline Wilson, and Linda Ingream.*

Jeffrey W. Hightower, Jr.
Law Office of Windle Turley PC
6440 N. Central Expressway, Suite 1000
Dallas, Texas 75206
*Attorney for Plaintiff Linda Ingram*

John M. Merritt
Michael M. Blue
Shannon C. Smith
Merritt & Associates PC
101 Park Avenue, Suite 200
Oklahoma City, Oklahoma 73102
*Attorneys for Plaintiff Linda Ingram*

Andy L. Allman
Clinton L. Kelly
Fred Dulin Kelly
Kelly, Kelly & Allman
629 E. Main Street
Hendersonville, TN 37075
*Attorneys for Plaintiffs Angela Wood, Bobby Lynn Montgomery, Victor Brown, Suzanne Strakhov, Debra Thompson, Karen Evers, Eula Mae McDaniel, Randy Woollard, Mary Blumenshine, Jacob Landesman, Susan Becker, Angelina Casali, Susan Eberhart, Edwin Melau, Elizabeth Miller, Corina Maria Roman, George Tracy, Denise White, Alison Williams, James Kennedy, Phyllis Newman, Addolorata Ruso Otilia Zinger, Terry Anderson, Abbie Bowden, Marsha Brown, Francis Jo Calloway, Betty Foster, Carol Hill, Sally McCleery, Donna Olson, Sam Orozco, James Patton, Sally Reinardy, Fred Fragomenli, Donald Arbuckle, Marie Talley, Brenda Melching, Gwendolyn Wolfe, Trent Nichols, Sarah Raber, Carol Smith and Carolyn Lopreato*

Charles Patrick Flynn
Michael K. Radford
Flynn & Radford
320 Seven Springs Way, Suite 150
Brentwood, TN 37027
*Attorneys for Plaintiffs Angela Wood, Bobby Lynn Montgomery, Victor Brown, Suzanne Strakhov, Debra Thompson, Karen Evers, Eula Mae McDaniel, Randy Woollard, Mary Blumenshine, Jacob Landesman, Susan Becker, Angelina Casali, Susan Eberhart, Edwin Melau, Elizabeth Miller, Corina Maria Roman, George Tracy, Denise White, Alison Williams, James Kennedy, Phyllis Newman, Addolorata Ruso Otilia Zinger, Terry Anderson, Abbie Bowden, Marsha Brown, Francis Jo Calloway, Betty Foster, Carol Hill, Sally McCleery, Donna Olson, Sam Orozco, James Patton, Sally Reinardy, Fred Fragomenli, Donald Arbuckle, Marie Talley, Brenda Melching, Gwendolyn Wolfe, Trent Nichols, Sarah Raber, Carol Smith and Carolyn Lopreato*

Crymes G. Pittman
Joseph E. Roberts, Jr.
Robert G. Germany
Pittman, Germany, Roberts & Welsh, LLP
410 President Street
Jackson, MS 39201
*Attorneys for Plaintiffs Angela Wood, Bobby Lynn Montgomery, Victor Brown, Suzanne Strakhov, Debra Thompson, Karen Evers, Eula Mae McDaniel, Randy Woollard, Mary Blumenshine, Jacob Landesman, Susan Becker, Angelina Casali, Susan Eberhart, Edwin Melau, Elizabeth Miller, Corina Maria Roman, George Tracy, Denise White, Alison Williams, James Kennedy, Phyllis Newman, Addolorata Ruso Otilia Zinger, Terry Anderson, Abbie Bowden, Marsha Brown, Francis Jo Calloway, Betty Foster, Carol Hill, Sally McCleery, Donna Olson, Sam Orozco, James Patton, Sally Reinardy, Fred Fragomenli, Donald Arbuckle, Marie Talley, Brenda Melching, Gwendolyn Wolfe, Trent Nichols, Sarah Raber, Carol Smith and Carolyn Lopreato*

John O. Threadgill
Threadgill Law Firm
9724 Kingston Pike, Suite 701
Knoxville, TN 37922
*Attorneys for Plaintiffs Angela Wood, Bobby Lynn Montgomery, Victor Brown, Suzanne Strakhov, Debra Thompson, Karen Evers, Eula Mae McDaniel, Randy Woollard, Mary Blumenshine, Jacob Landesman, Susan Becker, Angelina Casali, Susan Eberhart, Edwin Melau, Elizabeth Miller, Corina Maria Roman, George Tracy, Denise White, Alison Williams, James Kennedy, Phyllis Newman, Addolorata Ruso Otilia Zinger, Terry Anderson, Abbie Bowden, Marsha Brown, Francis Jo Calloway, Betty Foster, Carol Hill, Sally McCleery, Donna Olson, Sam Orozco, James Patton, Sally Reinardy, Fred Fragomenli, Donald Arbuckle, Marie Talley, Brenda Melching, Gwendolyn Wolfe, Trent Nichols, Sarah Raber, Carol Smith and Carolyn Lopreato*

Donald W. Fowler
Joe G. Hollingsworth
Katharine R. Latimer
Robert E. Johnson
Spriggs & Hollingsworth
1350 I Street NW, 9th Floor
Washington, D.C. 20005
*Attorneys for Defendant Novartis Pharmaceutical Corporation*

Richard M. Eldridge
Thomas E. Steichen
Vani R. Singhai
Eldridge Cooper Steichen & Leach PLLC
P. O. Box 3556
Tulsa, Oklahoma 74101-3566
*Attorneys for Novartis Pharmaceutical Corporation*

Andrew L. Colocotronis
Yanika C. Smith
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
900 South Gay Street
2200 Riverview Tower
Knoxville, Tennessee 37902
*Attorneys for Defendant Novartis Pharmaceutical Corporation*

James M. Doran, Jr.
Waller, Lansden, Dortch & Davis
511 Union Street, Suite 2100
Nashville, Tennessee 37219
*Attorney for Merck & Co., Inc.*

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Cartelli, Margaret** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV0191 | Zometa | Brooklyn, NY (Kings County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Bartoli, John** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV0189 | Aredia and Zometa | Pittston, PA (Luzerne County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Biocca, Zena** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV0170 | Aredia and Zometa | East Lansing, MI (Ingham County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Burt, Burdette** | Merck & Co., Inc.<br>Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV0368 | Zometa and Fosamax | Bismarck, ND | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Carter, Patsy** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV0367 | Aredia | Marvell, AR | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Cuthbert, Jack** | Merck & Co., Inc.<br>Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV0387 | Aredia, Zometa, and Fosamax | St. Johns, MI | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Dengel, Suzanne** | Merck & Co., Inc. | Southern District of New York | 01/18/2006 | 06CV0372 | Fosamax | Sarasota, FL | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Fry, Gary** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV370 | Aredia | Marble Falls, TX | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Grizzle, Shirley** | Merck & Co., Inc.<br>Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV366 | Aredia and Fosamax | Brinkley, AR | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Guilbeau, Elaine** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV192 | Aredia and Zometa | Corning, NY (Steuben County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Harrison, Ramon** | Merck & Co., Inc. | Southern District of New York | 01/18/2006 | 06CV365 | Fosamax | Holly, MI | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Harth, Margaret "Peggy"** | Merck & Co., Inc. | Southern District of New York | 01/18/2006 | 06CV361 | Fosamax | Pittsburg, KS | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Hendrix, Michel** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV194 | Zometa | Palmdale, CA (Los Angeles County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Hiller, Glenn** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV195 | Aredia and Zometa | Cartersville, GA (Bartow County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Johnson, Linda** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV176 | Aredia and Zometa | Poplar Bluff, MO (Butler County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Kalily, Victor** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV196 | Zometa | Los Angeles, CA (Los Angeles County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Knopf, Mindy** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/13/2006 | 06CV188 | Aredia and Zometa | Overland Park, KS (Johnson County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Punnose, K. Thomas** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/17/2006 | 06CV199 | Zometa | Oklahoma City, OK (Oklahoma County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Radin, Nancy** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV364 | Zometa | Los Angeles, CA (Los Angeles County) | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Shrum, Helen E.** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV363 | Aredia and Zometa | Shawnee, OK | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Stevens, Gary** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV374 | Zometa | Hutchinson, KS | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Ulatowski, Charles** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV373 | Zometa | West Lake Village, CA | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Wallace, Linda** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV371 | Aredia and Zometa | Ashland, PA | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Wilson, Jacqueline** | Novartis Pharmaceuticals Corporation | Southern District of New York | 01/18/2006 | 06CV369 | Aredia and Zometa | Fort Worth, TX | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Ingram, Linda** | Novartis Pharmaceuticals Corporation | Western District of Oklahoma | 08/10/2005 | 05CV913 | Aredia and Zometa | Oklahoma County, OK | **Merritt & Associates** - Oklahoma City, OK **Law Offices of Windle Turley, P.C.** - Dallas, TX |

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Wood, Angela** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | Arkansas | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Montgomery, Bobby Lynn** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | Tennessee | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Brown, Victor** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | North Carolina | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Strakhov, Suzanne** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | New York | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Thompson, Debra** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | Indiana | **Kelly, Kelly, & Allman** - Hendersonville, TN **Threadgill Law Firm** - Knoxville, TN **Flynn and Radford Attorneys, P.C.** - Brentwood, TN **Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Evers, Karen** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | Arizona | **Kelly, Kelly, & Allman** - Hendersonville, TN **Threadgill Law Firm** - Knoxville, TN **Flynn and Radford Attorneys, P.C.** - Brentwood, TN **Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **McDaniel, Eula Mae** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | Arkansas | **Kelly, Kelly, & Allman** - Hendersonville, TN **Threadgill Law Firm** - Knoxville, TN **Flynn and Radford Attorneys, P.C.** - Brentwood, TN **Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Landesman, Jacob** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV716 | Aredia | Nation of Isreal | **Kelly, Kelly, & Allman** - Hendersonville, TN **Threadgill Law Firm** - Knoxville, TN **Flynn and Radford Attorneys, P.C.** - Brentwood, TN **Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Wolfe, Gwendolyn** | Merck & Co., Inc. | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV717 | Fosamax | Tennessee | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Nichols, Trent** | Merck & Co., Inc. | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV717 | Fosamax | Pennsylvania | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Raber, Sarah** | Merck & Co., Inc. | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV717 | Fosamax | Arkansas | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Smith, Carol** | Merck & Co., Inc. | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV717 | Fosamax | Tennessee | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Lopreato, Carolyn** | Merck & Co., Inc. | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV717 | Fosamax | Texas | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Anderson, Terry** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Minnesota | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Bowden, Abbie** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Florida | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Brown, Marsha** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Mississippi | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Calloway, Francis Jo** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Mississippi | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Foster, Betty** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Tennessee | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Hill, Carol** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Washington | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **McCleery, Sally** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Wisconsin | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Olson, Donna** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Oregon | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Orozco, Sam** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Kansas | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Patton, James** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Oklahoma | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Reinardy, Sally** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | California | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Fragomenli, Fred** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV718 | Aredia and Zometa | Michigan | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Becker, Susan** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | Connecticut | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Casali, Angelina** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | New York | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Eberhart, Susan** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | Georgia | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Melau, Edwin** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | Illinois | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Miller, Elizabeth** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | New Jersey | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Roman, Corina Maria** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | Nation of Denmark | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Tracy, George** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | Oregon | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **White, Denise** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | Iowa | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Williams, Alison** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | North Carolina | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Zinger, Otilia** | Novartis Pharmaceuticals Corporation | Middle District of Tennessee at Nashville | 09/15/2005 | 05CV719 | Zometa | Massachusetts | **Kelly, Kelly, & Allman** - Hendersonville, TN<br>**Threadgill Law Firm** - Knoxville, TN<br>**Flynn and Radford Attorneys, P.C.** - Brentwood, TN<br>**Pittman, Germany, Roberts, & Welsh, LLP** - Jackson, MS |
| **Simmons, Lena** | Procter & Gamble Pharaceuticals Aventis Pharmaceuticals | Southern District of New York | 01/20/2006 | 06CV454 | Actonel | Greenville, SC | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Gee, Loretta** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/20/2006 | 06CV257 | Aredia and Zometa | Sapulca, OK (Creek County) | **Beatie and Osborn** - New York, NY<br>**The Powell Law Firm** - Beverly Hills, CA<br>**Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |



**Exhibit A**

**Plaintiff Information for the 35 Cases on the Revised Schedule of Federal Court Actions for Transfer - 01/24/2006**

| Plaintiff | Defendant(s) | Court Filed | Date Filed | Case Number | Drug Alleged | City/State of Residence | Plaintiff's Counsel |
|---|---|---|---|---|---|---|---|
| **Champion, Runette** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/20/2006 | 06CV258 | Zometa | Albany, GA (Dougherty County) | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Martinez, Mayra** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/20/2006 | 06CV259 | Zometa | Hialeah, FL (Miami-Dade County) | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Hogan, Karlene** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/20/2006 | 06CV260 | Zometa | Coventry, RI (Kent County) | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |
| **Perkins, Arlene** | Novartis Pharmaceuticals Corporation | Eastern District of New York | 01/20/2006 | 06CV261 | Zometa | Montgomery, LA (Winn Parish) | **Beatie and Osborn** - New York, NY **The Powell Law Firm** - Beverly Hills, CA **Law Offices of Jeffrey C. Bogert** - Santa Monica, CA |



**Exhibit A**