UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AREDIA AND ZOMETA PRODUCTS
LIABILITY LITIGATION
    M. Margaret Patterson, et al. v. Novartis Pharmaceuticals    )
        Corporation, D. Rhode Island, C.A. No. 1:11-402    )    MDL No. 1760

**ORDER DENYING TRANSFER**

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407(c), defendant Novartis Pharmaceuticals Corporation (Novartis) moves to transfer this action (*Patterson*) to the Middle District of Tennessee for inclusion in MDL No. 1760. The *Patterson* plaintiff[1] opposes the motion.

After reviewing all argument of counsel, we conclude that inclusion of *Patterson* in MDL No. 1760 is not necessary to achieve the just and efficient conduct of the litigation. In an order filed April 13, 2011, we determined that the continued transfer of new tag-along actions to this docket, via the conditional transfer order process, was no longer warranted. *See* Order Suspending Panel Rule 7.1(a), at 1 (J.P.M.L. Apr. 13, 2011) (doc. no. 478). In doing so, we noted, *inter alia*, that (1) common discovery had been completed in the centralized proceedings; (2) the parties in subsequently-filed actions could avail themselves of the discovery produced in the MDL, subject to the same conditions, if any, imposed on parties involved in the centralized proceedings; (3) the transferee court had issued "many well-considered and useful rulings on general causation and other common issues"; and (4) the transferee court had already begun suggesting Section 1407 remand of certain actions in the MDL. *See id.* at 1.

As we noted in our order of last April, parties retain the option of moving for transfer of an action that they believe satisfies the Section 1407 criteria and deserves inclusion in the MDL. *See* Rule 7.1(b)(i). That is what Novartis has done here. Novartis contends, *inter alia*, that common discovery is still "open" in the MDL, and that, regardless of the language in the aforementioned Panel order, there is no actual requirement that the parties in related actions not transferred to the MDL avail themselves of the MDL discovery,[2] or that the involved courts consult the transferee court's rulings. Novartis

---

[*]    Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1]    The record indicates that the plaintiff wife in this action died after the action was commenced.

[2]    Here, we note that the *Patterson* plaintiff's counsel is on the Plaintiffs' Steering Committee (PSC) in MDL No. 1760, and states that he intends to make "vigorous[]" use of the MDL discovery in *Patterson*. *See* Order Denying Transfer (J.P.M.L. Dec. 14, 2011) (doc. no. 543) ("The parties also have not addressed why they cannot 'avail themselves of the documents and depositions accumulated under [the transferee judge's] supervision of MDL No. 1760 while the cases move forward in their respective courts,' particularly since counsel for plaintiffs is already involved in the MDL.").

- 2 -

further contends that transfer of *Patterson* is warranted because an earlier iteration of the action was transferred to the MDL, and then subsequently dismissed, without prejudice, when the transferee court granted Novartis's motion for judgment on the pleadings, which ruling was affirmed by the Sixth Circuit.[3]

As to Novartis's first point, even if common discovery may still be "open" in the MDL, Novartis does not argue that a substantial amount remains, much less identify what, if any, recent or pending common discovery requests have been propounded by the MDL plaintiffs. As to Novartis's second point, the fact that the involved parties and courts in related actions not transferred to the MDL are not necessarily bound by what has taken place in the centralized proceedings could be said of any MDL. Finally, Novartis does not contend that the transferee court's ruling in the prior *Patterson* action foreclosed plaintiffs from commencing this new lawsuit. We are confident that the District of Rhode Island court can determine the effect, if any, of that ruling on this subsequent action.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                Barbara S. Jones
Paul J. Barbadoro                Marjorie O. Rendell
Charles R. Breyer

---

[3] *See Patterson v. Novartis Pharms. Corp.*, No. 10-5886, 2011 WL 3701884 (6th Cir. Aug. 23, 2011) (unpublished).